**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY SHIPP, CHRISTOPHER DIXON, ERIC JOHNSON, and ZACHARY JOHNSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID GOMEZ, as Warden of Northern Reception and Classification Center, and ROB JEFFREYS, as Director of the Northern Reception and Classification Center,<br><br>Defendants. | Civil Action No. 1:22-cv-00888<br><br>Judge Robert M. Dow Jr.<br><br>Magistrate Judge Gabriel A. Fuentes |

**JOINT INITIAL STATUS REPORT**

Pursuant to the Court's Orders (Dkt. Nos. 14 & 25) dated March 17, 2022, and April 25, 2022, and Federal Rule of Civil Procedure 26(f), Plaintiffs and Defendants (collectively the "Parties") to the above-captioned action have met and conferred regarding the matters set forth herein. The Parties have agreed on certain preliminary matters, and hereby submit this Joint Initial Status Report.

**A. Attorneys of Record**

**Plaintiffs:**

Terri Lynn Mascherin, Benjamin J. Bradford, Lindsey Anne Lusk, Garrett Salzman, Emily Anne Merrifield, Alexander Edward Cottingham, Steven J. Tinetti, Karolina Lucyna Bartosik, and Arianne R. Wilt of JENNER & BLOCK LLP, 353 North Clark Street, Chicago, IL 60654.

Alan S. Mills and Nicole Rae Schult of UPTOWN PEOPLE'S LAW CENTER, 4413 North Sheridan Road, Chicago, IL 60646.

1

**Defendants:**

Kristin K. Lindemann of the OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF ILLINOIS, 100 West Randolph Street, Chicago, IL 60601.

### B. Basis for Federal Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The Parties do not dispute subject matter jurisdiction.

### C. Nature of Asserted Claims in the Complaint and Any Counterclaims

Plaintiffs claim that Defendants have violated Plaintiffs' civil rights, which are protected under the Eighth and Fourteenth Amendments to the United States Constitution. These rights include the right to be free from cruel and unusual punishment, the right to due process, and the right to equal protection of the laws.

Plaintiffs are, or until recently were, incarcerated in the Northern Reception Center ("NRC") of the Illinois Department of Corrections located at Stateville Correctional Center. Plaintiffs claim that the conditions in the NRC are horrendous. As alleged in the First Amended Complaint, the NRC is infested with vermin, toilets in the cells are coated in hazardous mold, and plumbing blockages frequently cause cell toilets and cell house showers to overflow with sewage. Plaintiffs are not given adequate cleaning supplies to attempt to clean their cells of the sewage and mold. In addition, Plaintiffs receive inadequate portions of food, which is nutritionally deficient, often spoiled, and unsanitary. These hazardous living conditions are compounded by the Plaintiffs receiving inconsistent and limited time out of their cells.

Plaintiffs seek declaratory and injunctive relief under 42 U.S.C. § 1983 to redress the deprivations of their civil rights caused by the unconstitutionally cruel and unusual conditions of confinement at the NRC.

Defendants do not allege any counterclaims. Defendants deny that they have violated any statute or constitutional amendment giving rise to this action and deny that Plaintiffs are entitled to any relief whatsoever. Furthermore, Defendants deny that this suit should be certified as a class action.

D. **Status of Service**

All Defendants have been served (*See* Dkt. Nos. 8, 9, 18.).

E. **Principal Factual and Legal Issues**

The principal legal and factual issues in this 42 U.S.C. § 1983 action are whether Defendants violated Plaintiffs' Eighth and Fourteenth Amendment rights by permitting the NRC to be overrun by vermin, neglecting to maintain adequate plumbing systems (resulting in Legionella contamination in the drinking water and frequent overflows of raw sewage into Plaintiffs' cells and cell house showers), serving Plaintiffs spoiled and nutritionally deficient food, failing to provide Plaintiffs with adequate cleaning supplies to clean mold, human feces, and vermin excrement in their cells, and failing to provide necessary out-of-cell time on a consistent basis. As a result of these alleged ongoing conditions, Plaintiffs and the class who they seek to represent are allegedly subjected to unconstitutionally cruel and unusual conditions of confinement. Plaintiffs allege that Defendants possess actual knowledge of the inadequate and hazardous conditions at NRC and have impeded remedying preventable harm, despite possessing the power to correct the inadequate, hazardous, and constitutionally deficient conditions.

Defendants deny that they have violated any statute or constitutional amendment giving rise to this action and deny that Plaintiffs are entitled to any relief whatsoever. Furthermore, Defendants deny that this suit should be certified as a class action.

F. **Jury Trial Demand**

The Parties would demand a jury to the extent any claims are added for which a jury trial is possible.

G. **Status of Discovery**

The Parties have not conducted any discovery as of the filing of this Report.

On or before May 9, 2022, Plaintiffs will file a Motion for Preliminary Injunction, accompanied by a Motion for Expedited Discovery seeking expedited responses to Requests for Production and Interrogatories, as well as expert discovery (if any). Plaintiffs' counsel is currently coordinating the collection of declarations from Named Plaintiffs, three of whom were recently transferred to different correctional facilities across the state.

Defendants will oppose any motions for preliminary injunctive relief and/or expedited discovery. However, counsel for Defendants has performed initial investigation of Plaintiffs' claims and has begun to gather relevant documents. If the Court grants Plaintiff's request for an expedited discovery period, the Parties believe that a discovery cut-off of July 29, 2022 would be appropriate.

H. **Proposed Trial Date and Estimated Length**

Plaintiffs estimate the length of trial to be fifteen days. Defendants believe it is premature to estimate a date or length of time a trial might take.

I. **Magistrate Judge**

The Parties have not yet determined whether they would consent to trial before the Magistrate Judge.

J. **Status of Settlement Discussions**

The Parties have not yet engaged in settlement discussions.

K. **Settlement Conference**

Following appropriate discovery, Plaintiffs are willing to participate in a settlement conference.

Following appropriate discovery, Defendants will evaluate whether a settlement conference would be beneficial, and if so, would be willing to participate in a settlement conference.

Dated: April 29, 2022

Respectfully Submitted,

| | |
|---|---|
| s/ Terri Mascherin | s/ Kristin K. Lindemann |
| *Attorneys for Plaintiffs* | *Attorney for Defendants* |
| | |
| Terri Lynn Mascherin | Kristin K. Lindemann |
| Benjamin J. Bradford | OFFICE OF THE ATTORNEY GENERAL |
| JENNER & BLOCK LLP | FOR THE STATE OF ILLINOIS |
| 353 North Clark Street | 100 West Randolph Street, 13th Floor |
| Chicago, IL 60654 | Chicago, IL 60601 |
| (312) 222-9350 | (312) 814-3671 |
| (312) 840-7315 | Kristin.lindemann@ilag.gov |
| tmascherin@jenner.com | |
| bbradford@jenner.com | |

Alan S. Mills
Nicole Rae Schult
UPTOWN PEOPLE'S LAW CENTER
4413 North Sheridan Road
Chicago, IL 60646
(773) 769-1411
alan@uplcchicago.org
nicole@uplcchicago.org