IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY SHIPP, CHRISTOPHER DIXON, ERIC JOHNSON, and ZACHARY JOHNSON, on their own behalf and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>DAVID GOMEZ, as Warden of the Northern Reception and Classification Center, and ROB JEFFREYS, as Director of the Northern Reception and Classification Center,<br><br>　　　　　　　　　　Defendants. | Case No. 1:22-cv-00888<br><br>Hon. Robert M. Dow Jr.<br><br>Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs Gregory Shipp, Christopher Dixon, Eric Johnson, and Zachary Johnson ("Plaintiffs") hereby move this Court for entry of an order certifying the following class pursuant to Federal Rule of Civil Procedure 23:

> All individuals incarcerated at the Northern Reception Center ("NRC") at any time since January 1, 2020 and all individuals who will be housed at NRC in the future while these constitutional violations exist. This class excludes all individuals incarcerated at the Stateville Correctional Center who are not at NRC, as well as all other facilities operated by the Illinois Department of Corrections.

In support of this Motion, Plaintiffs state as follows and ask the Court to set a schedule for discovery and briefing on this Motion:

1. In this action, Plaintiffs seek to remedy the deplorable conditions of confinement at NRC, which is currently under the control of Defendants David Gomez and Rob Jeffreys (hereafter, "Defendants"). Defendants have violated and continue to violate Plaintiffs' constitutional rights by permitting NRC to be infested with vermin, forcing prisoners to live in

cells with inadequate plumbing, denying prisoners access to adequate cleaning supplies, serving prisoners nutritionally deficient and rotten food, and providing prisoners with no regular out-of-cell time or ability to exercise.

2. These conditions violate Plaintiffs', and the prospective class members', Eighth and Fourteenth Amendment rights. A comprehensive factual background will be provided in Plaintiffs' forthcoming Memorandum of Law in Support of Plaintiffs' Motion for Class Certification.

3. The proposed class members are all individuals incarcerated at NRC at any time since January 1, 2020 and all individuals who will be housed at NRC in the future while these constitutional violations continue to exist.

4. At the time of the filing of the Complaint (Dkt. 1), Plaintiff Gregory Shipp was incarcerated at NRC. At the time of the filing of the First Amended Complaint (Dkt. 18), the remaining Named Plaintiffs were all incarcerated at NRC.[1]

5. For a class to be certified, it must satisfy the requirements of Federal Rule of Civil Procedure 23(a), and qualify as one of the three types of classes authorized by Federal Rule of Civil Procedure 23(b).

6. As will be discussed in Plaintiffs' forthcoming Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, this proposed class satisfies the four requirements under Federal Rule of Civil Procedure 23(a): (1) the class must be "so numerous that joinder of all members is impracticable"; (2) there must be "questions of law or fact common to the class"; (3) the claims or defenses of the named plaintiffs must be "typical of the claims and defenses of the

---

[1] Mr. Shipp was transferred from NRC on March 16, 2022.

2

class"; and (4) "the representative parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a).

7. This class also satisfies the requirements under Federal Rule of Civil Procedure 23(b)(2). Once the requirements of Rule 23(a) are met, a class action may be maintained under Rule 23(b)(2) where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "When a class seeks an indivisible injunction benefitting all its members at once, there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is a superior method of adjudicating the dispute." *Wal-Mart Stores Inc. v. Dukes,* 564 U.S. 338, 362–63 (2011).

8. As will be detailed in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, a Rule 23(b)(2) class action is proper as Defendants have refused to act on grounds that apply to the proposed class as a whole, and final injunctive and declaratory relief is an appropriate remedy for the proposed class.

9. Filed concurrently is Plaintiffs' Motion for Preliminary Injunction; Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction; Plaintiffs' Motion for Leave to File a Memorandum of Law in Excess of 15 Pages; Plaintiffs' Motion for Expedited Discovery, and accompanying discovery requests.

10. Pursuant to Local Rule 37.2 the parties met and conferred in good faith on May 10, 2022. Plaintiffs informed Defendants that they intended to file this Motion for Class Certification, a Motion for Leave to File a Memorandum of Law in Excess of 15 Pages, a Motion for Expedited Discovery, and a Motion for Preliminary Injunction. Defendants indicated that they would not oppose Plaintiffs' Motion for Leave to File a Memorandum of Law in Excess of 15 Pages.

Defendants indicated that they would oppose Plaintiffs' Motion for Preliminary Injunction, Plaintiffs' Motion for Expedited Discovery, and Plaintiffs' Motion for Class Certification.

11. Plaintiffs respectfully request that this Court set a schedule for briefing of this Motion, as follows:

- Plaintiffs' Memorandum of Law in Support: August 26, 2022
- Defendants' Response: September 9, 2022
- Plaintiffs' Reply: September 23, 2022

WHEREFORE, Plaintiffs request that the Court grant this Motion and certify this action to proceed as a class action pursuant to Federal Rule of Civil Procedure 23.

Dated: May 17, 2022

Respectfully submitted,

PLAINTIFFS GREGORY SHIPP, CHRISTOPHER DIXON, ERIC JOHNSON, AND ZACHARY JOHNSON

By: */s/ Benjamin J. Bradford*
    Attorney for Plaintiffs

Terri L. Mascherin (ARDC 6187735)
Benjamin J. Bradford (ARDC 6285800)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
312-222-9350
tmascherin@jenner.com
bbradford@jenner.com

Alan Mills (ARDC 6181054)
Nicole Schult (ARDC 6306949)
UPTOWN PEOPLE'S LAW CENTER
4413 N. Sheridan
Chicago, IL 60640
773-769-1411
alan@uplcchicago.org
nicole@uplcchicago.org

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I, Lindsey A. Lusk, an attorney, certify that on May 17, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

              /s/ *Lindsey A. Lusk*

              Lindey A. Lusk