IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY SHIPP, CHRISTOPHER DIXON, ERIC JOHNSON, and ZACHARY JOHNSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID GOMEZ, as Warden of Northern Reception and Classification Center, and ROB JEFFREYS, as Director of the Northern Reception and Classification Center,<br><br>Defendants. | Civil Action No. 1:22-cv-00888<br><br>Hon. Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS AND TO COMPEL RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION[1]**

Prisoners in custody at NRC are suffering constitutional violations on a continual basis and Defendants, who are responsible for their care, have shown complete disregard for this suffering. Plaintiffs have filed for a preliminary injunction to end that suffering, but the hearing on the preliminary injunction continues to be pushed back due to Defendants' failure to comply with simple discovery deadlines.

Defendants continue to refuse to produce documents responsive to Plaintiffs' requests for production, which has hampered Plaintiffs' ability to pursue their claims. Defendants have missed Court-ordered deadline after deadline, seeking after-the-fact extensions. Defendants' opportunity

---

[1] At 7:47 pm on the night of this filing, Defendants made another production. By Defendants' own admission, this production is not complete. Plaintiffs will withdraw aspects of their motion if necessary once they have been able to review the documents.

to comply with their discovery obligations and the Court's orders has passed and sanctions are warranted.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their attorneys, respectfully request that this Court (1) order an adverse inference against Defendants for failing to comply with the Court's order compelling the production of documents in response to Plaintiffs' Requests for Production Nos. 22, 25, 26, 27, 42, and 43, as discussed below; (2) order Defendants to produce documents in response to Plaintiffs' Requests for Production Nos. 11, 25, 29, 30, 39, 40, and 41; (3) order production of documents that Defendants' or their designees brought to and relied upon in depositions; and (4) set weekly status conferences to monitor the status of Defendants' ongoing compliance with discovery obligations.

## FACTUAL BACKGROUND

On February 17, 2022,[2] Plaintiffs filed this putative class action to remedy the unconstitutional conditions of confinement at NRC. (Dkt. 1.) Plaintiffs allege that Defendants have violated Plaintiffs' Eighth Amendment rights by allowing these conditions—which include vermin infestation, unsanitary plumbing, rotten and nutritionally deficient food, lack of access to cleaning supplies, and lack of out-of-cell time—to persist without abatement. (*See generally* Dkt. 18.) Plaintiffs filed a Motion for Preliminary Injunction on May 17, 2022 to remedy these unconstitutional conditions. (Dkt. 28.) On June 2, 2022, the Court adopted a partial case schedule, since amended, which set forth a discovery schedule and ordered that Plaintiffs' Motion for Preliminary Injunction is continued pending the completion of discovery. (Dkt. 46.) Plaintiffs have since served two sets of requests for production of documents: their first set on June 2, 2022 ("First RFPs"), and their second set on November 17, 2022 ("Second RFPs"). Defendants have delayed

---

[2] Plaintiffs filed an amended complaint on April 7, 2022. (Dkt. 18.)

2

or flatly refused to produce documents responsive to several of Plaintiffs' requests for production, resulting in continued delay in Plaintiffs' remedy.

### *Defendants' Failure to Comply With the Court's Order and Discovery Deadlines*

Defendants have repeatedly failed to comply with their discovery obligations throughout this litigation. On June 29, 2023, the Court granted in part and denied in part Plaintiffs' Motion to Compel, ordering Defendants to confirm by July 21, 2023 whether they had produced all non-ESI responsive documents in their possession and either supplement their productions or confirm that no more documents exist with respect to the following RFPS:

- Request No. 10, which seeks complaints, grievances, and other documents related to the conditions at NRC;

- Request Nos. 22 and 43, which seek documents related to tours, inspections, and audits of NRC conducted by Defendants and third parties; and

- Request No. 42, which seeks documents relating to the distribution of cleaning supplies to prisoners at NRC.

(Dkt. 79 at 3-5, 8-9.) Subsequently, in its July 11, 2023 Minute Order, the Court cautioned Defendants "that they must demonstrate diligence in discovery, and the lack of resources will not be an excuse" for further delay. (Dkt. 81 at 1.) While Defendants produced responsive documents in response to RFP No. 10, including as recently as October 4, 2023, to date Defendants have not served the certifications and/or made complete productions of responsive documents ordered by the Court with respect to RFP Nos. 22, 42, and 43. This is so despite repeated requests from Plaintiffs and without any showing of good cause by Defendants for their failure to comply with this Court's Order.

In its order on Plaintiffs' motion to compel, the Court also instructed the parties to further meet and confer with respect to RFP Nos. 25-27. Counsel for Plaintiffs has communicated with

3

counsel for Defendants to specify and narrow its requests pursuant to these RFPs but has not received any substantive response from Defendants. Defendants have failed to produce additional documents and/or certifications with respect to RFP Nos. 25-27 by the agreed upon, and again *extended*, deadline of September 29, 2023. (*See* Dkt. 79 at 6; Dkt. 86 at 5.)

### *Defendants' Destruction or Loss of Inspection Photographs*

In addition to Defendants' failure to meet their obligation under the Court's Order on Plaintiffs' Motion to Compel, Defendants have also still failed to produce all photographs taken during inspections of the NRC on April 5, April 12, and July 26, 2023 conducted by Plaintiffs' counsel and their experts. (Cottingham Decl. at 2.) On April 5, 2023, Plaintiffs conducted an inspection of NRC. Defendants instructed Plaintiffs that they would be unable to take their own photographs within the facility due to IDOC policy, but instead would offer an IDOC employee as a photographer. Throughout the inspection, Plaintiffs instructed the photographer to take pictures of multiple areas of NRC where unsanitary conditions were plainly visible, such as a bird in the facility and dead vermin in various areas of the facility, including in close proximity to the dry food storage area, as well as areas of standing water.

After the inspection, the parties had a lengthy back-and-forth, with Plaintiffs repeatedly requesting missing photographs and Defendants failing to make complete productions. The Court ordered Defendants to produce all remaining photographs of inspections by September 22, 2023. (Dkt. 87.) The parties have engaged in lengthy correspondence regarding these photographs, as Defendants have produced these photographs in dribs and drabs and only produced certain of the photographs upon Plaintiffs' specific prodding. On October 4, 2023, Defendants informed Plaintiffs that they were unable to locate the remaining missing photographs, which included photographs of multiple sites during Plaintiffs' April 5, 2023 inspection, stating that IDOC

4

personnel "have searched everywhere and cannot find the remaining missing photos." (Cottingham Decl. at 2.)

### *Depositions Reveal Additional Unproduced Documents*

After a significant delay due to Defendants' failure to timely produce documents, Plaintiffs were finally able to begin conducting depositions on September 11, 2023. Those depositions, which included depositions of Defendants and Defendants' designated corporate representatives under Federal Rule of Civil Procedure 30(b)(6), revealed that there remained multiple sets of documents that Defendants have failed to produce, despite those documents being clearly responsive to Plaintiffs' RFPs. Specifically, Plaintiffs learned through deposition that Defendants failed to produce, at least, the following categories of documents:

- Defendants failed to produce any audit instrument or audits conducted by IDOC based on administrative directives related to the claims in this lawsuit even though Defendants' Rule 30(b)(6) designee Jason Hall testified regarding regular audits conducted by IDOC. These audits are responsive to Plaintiffs' Request Nos. 22 and 43. (Lusk Decl. at 3.)

- Defendants did not produce the production sheets describing food service maintained by NRC's food service managers, which are kept in the normal course of Defendants' operations according to the testimony of another of Defendants' Rule 30(b)(6) designee Desire Williams. The documents are responsive to Plaintiffs' Request Nos. 29 and 30. (*Id.*)

- Defendants failed to produce documents related to contractual appropriations made for the prevention, management, or treatment of vermin at NRC since May 1, 2021, even though Defendants' Rule 30(b)(6) designee Teresa Pope testified that NRC

5

>maintains documents to track current and past contracts with pest control vendors and to manage contract funds. The documents are responsive to Request No. 39. (*Id.*)

These are merely a few examples of the responsive documents Defendants have failed to produce, as illuminated by Defendants' own testimony. A full list of the missing documents is included as Exhibit A hereto.

## **ARGUMENT**

Rule 37 of the Federal Rules of Civil Procedure empowers courts to sanction a party for failing "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Sanctions for failure to comply with discovery orders are warranted "when a party fails to comply with discovery orders, and the district court finds willfulness, bad faith, or fault." *De Falco v. Oak Lawn Pub. Library*, 25 Fed. Appx. 455, 457 (7th Cir. 2001); *Williams v. Wahner*, 714 Fed. Appx. 601, 604 (7th Cir. 2018) (same). A district court has wide latitude to enforce deadlines through sanctions. *See Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015); *Wine and Canvas Develop. LLC v. Muylle*, 868 F.3d 534, 539 (7th Cir. 2017). Further, a court may impose sanctions even absent willfulness, bad faith or fault, unless the imposed sanction is dismissal or default. *e360 Insight v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). Negligence suffices for the imposition of sanctions. *Id.* at 642-43.

Rule 26 permits broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant if it "bears on" or "reasonably could lead to other matter that could bear on" any material facts or issues in the action. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move to compel where the opposing party fails to respond to discovery requests and "the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The party resisting discovery bears the burden to "show why a particular discovery request is improper." *Parvati Corp v. City of Oak Forest*, No. 08 C 702, 2010 WL 2836739, at *1 (N.D. Ill. July 19, 2010) (internal quotations and citation omitted). "As with all discovery matters, district courts have broad discretion in determining motions to compel." *Id.*

### I. The Court Should Sanction Defendants for Their Repeated Failure to Produce Documents Responsive to Plaintiffs' RFP Nos. 22, 42, and 43.

On June 29, 2023, the Court granted Plaintiffs' motion to compel (Dkt. 79.) and ordered Defendants to comply with Plaintiffs' Request for Production Nos. 10, 22, 42, and 43. Over three months have passed and Defendants still have not complied with the Court's Order with respect to Request Nos. 22, 42, or 43. Accordingly, sanctions are warranted.

Plaintiffs' Request Nos. 22 and 43 seek documents related to tours, inspections, and audits of NRC conducted by Defendants and third parties. With respect to these Requests, the Court ordered Defendants to "confirm whether they possess responsive non-ESI documentary evidence of third-party tours, inspections, or audits and either produce the documents or provide Plaintiffs with a certification that none exists," also noting that Defendants had waived all privilege arguments because they did not produce a privilege log. (Dkt. 79 at 5.) To date, Defendants have only produced documents listing planned audits of NRC in 2021-2022. *See* IDOC_009649–87.

Plaintiffs' Request No. 42 seeks documents relating to the distribution of cleaning supplies to prisoners at NRC. The Court ordered Plaintiffs to confirm whether they have produced all

7

responsive documents in their possession related to this request or certify to Plaintiffs that no more documents exist. (Dkt. 79 at 8.)   Plaintiffs have not complied with this order.

With respect to all three RFPs, the Court gave Defendants a deadline of July 21, 2023 (*Id.* at 9). On July 21, 2023, Defendants requested an extension until July 31, 2023 to produce documents responsive to the RFPs. (Dkt. 82.) Defendants, to date, have not made the requisite productions or provide the requisite certifications by this date. Indeed, as Plaintiffs noted in the parties' Joint Status Report filed September 15, 2023, Defendants had not served certifications or remaining responsive documents for these requests to date. Defendants' failure prejudices Plaintiffs in their ability to litigate their claims, including at the now completed depositions of Defendants.

Defendants are unquestionably "at fault" for the failure to produce documents and the ordered certifications. "'Fault' in this context does not require a showing of intent, but rather involves 'extraordinarily poor judgment' or 'gross negligence' rather than mere 'mistake or carelessness.'" *Williams*, 714 F. App'x at 604 (quoting *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016)). Defendants failed to conduct a diligent search for responsive documents in response to Plaintiffs' document requests and violated the Court's Order on Plaintiffs' Motion to Compel.  Defendants are at fault with respect to RFP Nos. 22, 42, and 43, and sanctions are warranted for each as described next.

*RFP No. 22.* Defendants have failed to certify, as ordered, that they have produced all non-ESI documents responsive to this request, i.e., all documents "related to any visits, tours, and/or inspections of NRC (i) performed by Defendants or (ii) performed by any third party for official purposes." (RFP No. 22.). Without even confirmation that no such documents exists, Plaintiffs are left at a major disadvantage in prosecuting its claims, which require Plaintiffs to establish

8

deliberate indifference to the conditions, and thereby knowledge of the conditions, by Defendants. Accordingly, the Court should make a finding of fact that Defendants were on notice of the conditions at NRC, as those conditions may be established by Plaintiffs, from May 1, 2021 to present.

*RFP No. 42.* With respect to Plaintiff's Request No. 42, Defendants' Rule 30(b)(6) designee NRC Superintendent Darrin Hunter testified that IDOC maintains a log documenting when cleaning supplies are distributed to prisoners at NRC. Defendants' failure to produce these logs, and any other documents responsive to Request No. 42, is likewise sanctionable. Plaintiffs respectfully request the Court make a factual finding that Defendants failed to produce prisoners at NRC with the cleaning supplies necessary for those prisoners to maintain their living areas in a safe and sanitary condition from May 1, 2021 to present, and that Defendants were on notice of the same.

*RFP No. 43.* On September 28, 2023, Plaintiffs identified for Defendants a number of documents identified in the depositions of Defendants' witnesses that were responsive to RFP No. 43, and other RFPs, and requested Defendants' prompt production of these responsive documents. These documents included documentation of NRC-conducted and IDOC-conducted assessments or audits of Defendants' compliance with certain administrative directives governing or relevant to sanitation, food service, grievance processing, and out-of-cell time at IDOC facilities ("Facility Review Reports") and are documents obviously within the scope of RFP No. 43 (seeking documents related to internal audit reports concerning NRC's facilities and operations). On October 4, 2023, Defendants made a partial production of Facility Review Reports but failed to produce many of the documents Plaintiffs identified as likely existing based on IDOC's own administrative directives and facility review procedures. Therefore, Plaintiffs request that the

Court make a finding of fact that during any period of time since May 1, 2021 that is not covered by any NRC- or IDOC-prepared Facility Review Reports produced by Defendants to date that no such review was conducted. Plaintiffs also request that the Court order that Defendants be prohibited from advancing arguments or introducing evidence that Defendants were compliant with a particular administrative directive during those time periods for which Defendants have failed to produce relevant Facility Review Reports, as those reports are IDOC's primary means of assessing compliance with its administrative directives.

II. **The Court Should Grant Plaintiffs' Motion for Sanctions for Defendants' Repeated Failure to Produce Documents Responsive to Plaintiffs' RFP Nos. 25, 26, and 27.**

Per the Court's June 29, 2023 Order, the Parties were instructed to meet and confer regarding Request Nos. 25, 26, and 27. The Parties met and conferred on July 17, 2023 and August 17, 2023 via email and the Parties' agreement is documented in their most recent Joint Status Report. (Dkt. 80 at 2-3.) The Court accepted this schedule and ordered Defendants to produce documents on September 29, 2023. (Dkt. 87.) Defendants have failed to follow through on their discovery production commitments.

*RFP No. 26.* Due to Defendants' failure to comply with this court-ordered deadline, Plaintiffs request that the Court orders Defendants to certify that the SOP identified as IDOC_010629 is the only one in existence. If Defendants fail to comply with the Court's order to certify, then Plaintiffs' request the Court to make a factual finding that the above-referenced SOP is the only one in existence.

*RFP Nos. 25 and 27.* Due to Defendants failure to provide otherwise, Plaintiffs respectfully ask the Court to make a factual finding that the blueprints received (which are dated

10

2003) depict NRC as it currently exists in all material regards and to preclude Defendants from relying on the water samples tested by the NRC in their defense.

### III. The Court Should Grant Plaintiffs' Motion for Sanctions for Spoliation with Respect to Defendants' Failure to Produce and Apparent Destruction of Photographs Taken During Plaintiffs' Inspection of NRC.

Plaintiffs also move for sanctions for Defendants' spoliation of evidence regarding the photographs taken during the inspection of the NRC, which were not produced and are now missing. To impose such sanctions, a court must find that: "(1) there was a duty to preserve the specific documents and/or evidence; (2) the duty was breached; (3) the other party was harmed by the breach; and (4) the breach was caused by the breaching party's willfulness, bad faith, or fault." *Cohn v. Guaranteed Rate, Inc.*, 318 F.R.D. 350, 354 (N.D. Ill. 2016) (citing *Jones v. Bremen High Sch.*, No. 08-cv-3548, 2010 WL 2106640, at *5 (N.D. Ill. May 25, 2010)). "A party has a duty to preserve evidence 'that it has control over and which it reasonably knows or can foresee would be material (and thus relevant) to a potential legal action.'" *Cohn*, 318 F.R.D. at 354 (quoting *Jones*, 2010 WL 2106640, at *6).

Defendants were on notice that they had a duty to preserve these photographs, as they were part of a request to inspect propounded by Plaintiffs and this Court ordered them to produce the photographs. Defendants subsequently breached that duty by losing or destroying the evidence of the inspection. Plaintiffs are unable to duplicate those photographs and are therefore harmed by the loss of evidence of their claims. The loss of this evidence is attributable to Defendants, as they

11

refused to allow Plaintiffs to take their own photographs and proceeded to mistreat the evidence, either by losing the photographs or intentionally destroying them.

Plaintiffs accordingly request that this Court make a finding of fact that the missing photographs represented the presence of vermin, birds (including a dead bird), pests, and standing water at the NRC, which is what the photographs in question presumably showed.[3]

### IV. The Court Should Order Defendants To Produce Documents In Response To Plaintiffs' Request Nos. 11, 25, 29, 30, 39, 40, and 41.

Defendants have also failed to produce documents in response Plaintiffs' Requests for Production Nos. 11, 25, 29, 30, 39, 40 and 41. The Court has yet to order Defendants to comply with these Requests because they were either not ripe (e.g., the Court ordered the parties to meet and confer first) or Plaintiffs only recently learned of Defendants' failure to comply with these requests. Given that NRC residents are continuing to suffer and Defendants' ongoing disregard for their discovery obligations, Plaintiffs request that the Court order Defendants to comply with each Request within a week of the Court's order or an adverse inference will be entered with respect to each such Request.

#### A. Defendants Should be Ordered to Produce Responsive Documents Identified by Defendants in Deposition.

As discussed, Plaintiffs learned through deposition that Defendants either did not search for or refused to produce a significant number of relevant or responsive documents. A full list of those documents and the relevant Request for Production is attached as Exhibit A.

These missing documents fall into two categories: (1) documents that Defendants and their representatives used to aid their testimony at deposition, but refused to produce; and (2) documents

---

[3] Because the photographs are missing and never seen by Plaintiffs' counsel, Plaintiffs do not know with certainty what each missing photograph showed. Nevertheless, during their inspection of the NRC, counsel for Plaintiffs saw each of these conditions and requested that photographs of each were taken.

that Defendants and their representatives testified exist but have not been produced. The Court should order immediate production of both.

First, as to documents used in the depositions, such documents are discoverable and should be produced. *Wheeling-Pittsburgh Steel Corp. v. Underwiters Lab'ys, Inc.,* 81 F.R.D. 8, 9 (N.D. Ill. 1978) (finding documents used for the purpose of preparing witness for deposition rendered discoverable); *see also* Fed. R. E. 612. Here, the witnesses testified based on the documents requested and have refused to produce them. (Lusk Decl. at 3.) Accordingly, production of these documents is warranted.

Second, the Court should order Defendants to immediately produce the documents responsive to Request Nos. 11, 25, 29, 30, 39, 40, and 41 that Defendants and their representatives testified exist and have not been produced to date, the full list of which is included as Ex. A. The documents are plainly tailored to the central issues in this litigation: the conditions at NRC, Defendants' awareness of those conditions, and Defendants' efforts—if any—to address those conditions. *See Gray*, 826 F.3d at 1005. Defendants have not provided any justification for their failure to produce these documents—none exists. Accordingly, the Court should immediately order production of these documents.

## V. Ongoing Status Conferences Are Required

Given the ongoing treatment of NRC residents and Defendants' continuing failure to comply with their discovery obligations, Plaintiffs request weekly status conferences with the Court until such time as these discovery issues have been rectified or otherwise addressed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court: (1) enter the specific factual findings outlined above in Section I and II based on Defendants' failure

to produce responsive documents; (2) order Defendants to produce all documents responsive to Plaintiffs' Requests for Production Nos. 11, 25, 29, 30, 39, 40, and 41, including all documents referenced in depositions, as well as documents brought to any deposition; and (3) set weekly status conferences to monitor the status of Defendants' productions to ensure completeness.

Dated: October 6, 2023

Respectfully Submitted,

/s/ *Benjamin J. Bradford*
*Attorneys for Plaintiffs*

Terri Lynn Mascherin
Benjamin J. Bradford
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
(312) 840-7315
tmascherin@jenner.com
bbradford@jenner.com

Alan S. Mills
Nicole Rae Schult
UPTOWN PEOPLE'S LAW CENTER
4413 North Sheridan Road
Chicago, IL 60646
(773) 769-1411
alan@uplcchicago.org
nicole@uplcchicago.org

**CERTIFICATE OF SERVICE**

    I, Benjamin J. Bradford, an attorney, certify that on October 6, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                                   */s/ Benjamin J. Bradford*
                                                   Benjamin J. Bradford